UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:03CV00770 CEJ/AGF |
| ) | |
| JAMES ANTHONY GAMMON, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Missouri state prisoner Matthew Turner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action was referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for recommended disposition. For the reasons set forth below, the Court will accord the parties an opportunity to address the question of whether Petitioner's habeas petition should be dismissed under the applicable one-year statute of limitations.

Petitioner was convicted by a jury in the Circuit Court of St. Louis County, Missouri, of one count of attempted third-degree robbery, one count of first-degree robbery, and one count of armed criminal action. He was sentenced as a persistent offender to concurrent terms of imprisonment of 25 years, 28 years, and 28 years, respectively. The convictions and sentences were affirmed on direct appeal on December 14, 1999. Resp. Ex. E. Petitioner filed a motion for state post-conviction

relief on June 9, 2000. Resp. Ex. F at 28. This motion was denied, and the denial was affirmed on appeal on May 7, 2002. Resp. Ex. I. Petitioner signed his habeas petition on May 5, 2003, and the Court will presently deem it filed on that date. See Smith v. Roper, 2005 WL 2674942, at *2 n.1 (E.D. Mo. 2005) (absent evidence to the contrary, the date upon which a habeas petitioner signed the petition is sufficient indicia of the date upon which the petitioner delivered it to prison authorities for mailing; which date, under the prison mailbox rule, becomes the date of filing).

Although Respondent does not raise a statute of limitations defense, the Supreme Court recently held that this Court may consider sua sponte the timeliness of a habeas petition. See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking federal habeas relief to file his petition within one year after his state conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). In the Eighth Circuit, a conviction becomes final for these purposes at "the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition [for a writ of certiorari]." Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003) (citation omitted). Under United States Supreme Court Rule 13, a defendant has 90 days from the date of entry of judgment (as opposed to from the date the mandate issues) in a state court of last resort to file a petition for a writ of certiorari. Thus, the one-year statute of limitations for filing a federal habeas claim in the present case began to run on March 14, 2000, 90 days after Petitioner's convictions were affirmed on direct appeal.

AEDPA contains the following tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, Petitioner's one year, which began to run on March 14, 2000, was presumably tolled from June 9, 2000 until May 7, 2001.

As almost three months passed between March 14, 2000, when the one year began, and and June 9, 2000, when the year was tolled, it appears to the Court that Petitioner's habeas petition, filed 363 days after tolling ended, is untimely.

The Supreme Court in <u>Day</u> cautioned the lower courts not to dismiss a case based upon the statute of limitations on their own initiative without first giving the parties fair notice and an opportunity to present their positions. <u>Day</u>, 126 S. Ct. at 1684. The Court notes that the statute of limitation may be equitably tolled if a petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGugliemo</u>, 544 U.S. 408, 418 (2005).

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall have up to and including

**August 30, 2006**, to address the issue of the statute of limitations as it affects this case.

_____
AUDREY FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of August, 2006.